UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HENNESSY CHRISTOF (#595808)     CIVIL ACTION

VERSUS                           NO. 19-16-SDD-EWD

TYRONE KELLY, ET AL.

## RULING

This matter comes before the Court on Plaintiff's Motion for an Extension of Time,[1] which the Court interprets to be a Motion for Relief from Judgment brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. The Motion shall be denied.

Pursuant to Judgment dated June 26, 2019,[2] the above-captioned proceeding was dismissed for failure of the plaintiff to pay the initial partial filing fee. The plaintiff did not take an appeal from that Judgment. Now, the plaintiff has submitted pleadings to the Court in an apparent attempt to respond to the rule to show cause previously issued by this Court and to seek an extension to pay the initial partial filing fee. He thus seeks to re-open this proceeding and obtain a substantive consideration of his original claim.

Rule 60(b) provides that relief from a judgment or order may be had for (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, (3) fraud, misrepresentation or misconduct by an opposing party, (4) a void judgment, (5) a judgment that has already been satisfied, is no longer equitable, or has effectively been overturned, or (6) any

---
[1] R. Doc. 7.
[2] R. Doc. 6.

other reason that justifies such relief. Plaintiff has not provided any factual assertions which would support the applicability of any of the first five subsections of Rule 60(b).

Further, to the extent that Plaintiff's pleading may be interpreted as seeking relief under the catch-all provision of Rule 60(b)(6), the motion fares no better. This provision allows a Court to vacate a judgment for "any other reason that justifies such relief" and provides a residual clause meant to cover unforeseen contingencies and to accomplish justice in exceptional circumstances.[3] The relief afforded by Rule 60(b)(6) is meant to be extraordinary relief, and it requires that the moving party make a showing of extraordinary circumstances justifying such relief.[4] In the instant motion, Plaintiff has made no showing of unusual or unique circumstances to support the application of Rule 60(b)(6). Plaintiff was given ample time to either pay the fee or show cause regarding why he could not pay the fee prior to this action being dismissed. This Court ordered Plaintiff to pay the initial partial filing fee of $12.17 by April 29, 2019.[5] Thereafter, on May 13, 2019, this Court issued a show cause order directing Plaintiff to show cause within twenty-one days as to why he had not paid the fee and warning that a failure to respond properly would result in dismissal of this action.[6] Plaintiff failed to respond, and as a result, on June 26, 2019, this action was dismissed.[7] Furthermore, Plaintiff, in the instant Motion, still fails to provide this Court with the documents and information it ordered to be produced in the aforementioned rule to show cause.[8] Accordingly, Plaintiff has not shown that he is entitled to reinstatement of his claim; therefore,

---

[3] *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007).
[4] *Hess v. Cockrell*, 281 F.3d 212, 216, (5th Cir. 2002).
[5] R. Doc. 3.
[6] R. Doc. 4.
[7] R. Doc. 6.
[8] *See* R. Doc. 4.

**IT IS ORDERED** that Plaintiff's Motion for Relief from Judgment[9] be and is hereby **DENIED.**

Signed in Baton Rouge, Louisiana the 23 day of July, 2019.

*[signature]*
CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[9] R. Doc. 7.